■ 31-33 LENOX AVENUE WINE & LIQUOR CORP., Respondent, v RICHARD BRUECKNER, on Behalf of NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), dated June 13, 1991, which, *inter alia,* confirmed the report of the Special Referee and granted plaintiff's cross-motion dismissing the defendant's fourth affirmative defense, is reversed to the extent appealed from, on the law, the motion by defendant to reject the Referee's report granted, and the motion by defendant for summary judgment, held in abeyance pending completion of the hearing and submission of the Referee's report, is also granted, with costs and disbursements payable by plaintiff.

Plaintiff's business, destroyed by fire on December 20, 1985, was insured under a policy issued by defendant. It was obtained by plaintiff through its own insurance broker, nonparty I.G.M. Brokerage Corp. Plaintiff filed an application for insurance on October 24, 1985, and received a binder effective the same date. Defendant refused to reimburse the loss and plaintiff began this action *more* than two years after the occurrence of the fire. The policy contained a two year limitations clause for the commencement of suit pursuant to Insurance Law § 3404, and the defendant moved for summary judgment on that basis, while the plaintiff moved to dismiss the fourth affirmative defense of untimeliness. The IAS Court directed a hearing on issues of fact, and the Special Referee after the hearing, found that there was no evidence to establish that the policy of insurance had been delivered to plaintiff, and thus plaintiff was not bound by the two year limitations period. The IAS Court confirmed the Referee's report and granted plaintiff's cross-motion dismissing the fourth affirmative defense.

We find that the confirmation of the report and the dismissal of the fourth affirmative defense were in error.

The questioning of Arturo Lopez, who at the time of the issuance of the policy was an employee of plaintiff's broker I.G.M., was cut short when defendant's counsel erroneously believed the former deposition testimony of Lopez was being received *in toto* as evidence-in-chief. The transcript of the hearing shows that defense counsel could very well have been confused by the purpose of the Special Referee in admitting

the entire transcript of the examination before trial, rather than allowing counsel to impeach Lopez by reading portions of deposition testimony and questioning him about his answers. At the least, therefore, the Referee should have allowed defendant to reopen the hearing.

However, our review of the testimony of Mr. Lopez and the other evidence before the Referee shows that it was sufficient to establish receipt of the entire policy, including the portion containing the two year limitations period.

Thus, while Mr. Lopez testified that he believed but was not "100% certain" that he received the entire policy of insurance, he also testified to his normal office procedure of checking that all of the proper forms and attachments were received and forwarded to the insured.

In addition, the testimony of Shirley Loney, an employee of defendant, established the customary office procedure on the part of the defendant in putting together and mailing out a copy of the policy. This was sufficient to raise a presumption of proper mailing. In contrast, the testimony of Mr. Arias, the principal of the plaintiff, who could not read English, constituted no more than a mere denial of receipt of the policy.

Accordingly, the evidence before the Special Referee was sufficient to sustain the defendant's burden of establishing the issuance and delivery of a complete policy of insurance containing the two year limitation of suit provision. Concur— Ellerin, J. P., Ross, Asch and Kassal, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Shainswit, J.